**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **CASE NO:** |
| **DAMION TERRELL LOVELADY,** | : | **7:24-cr-36–WLS-ALS** |
| | : | |
| **Defendant.** | : | |
| | : | |

_____

## ORDER

Before the Court is the Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 23) ("Motion"). Therein, Defendant requests a continuance of the trial from the May 2025 Valdosta trial term to the next available Valdosta trial term. The continuance is necessary because Defendant's family intends to retain private counsel to represent Defendant in this case. Defendant needs time to secure new counsel, consult with new counsel, and such counsel will need time to prepare for trial. Defendant's Counsel represents that Government's Counsel does not oppose the continuance. In order not to delay the disposition of this case and for new counsel to be in place towards that end, Defendant has until thirty (30) days after entry of this Order to engage new counsel and for said new counsel to make entry as Defendant's counsel. Present counsel shall remain until new counsel is engaged consistent with this Order or until further order of the Court.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 23) is **GRANTED**. The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division August 2025 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable

time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 28th day of February 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**